IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD CHAPMAN | ) | CASE NO. 4:10CV1897 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER . |
| v. | ) | |
| | ) | |
| J.T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Edward Chapman, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence for possession with intent to distribute a controlled substance imposed in the United States District Court for the Eastern District of Tennessee. According to the Bureau of Prisons website, his projected release date is February 12, 2011. Petitioner asserts that he was denied the maximum Residential Re-entry placement ("RRC") without a forma or informal decision after completion of the Non-Residential Drug Abuse Treatment Program. He states that under the Program, wardens are strongly encouraged to approve inmates who successfully complete the Program for maximum RRC placement. He also contends that a White inmate was granted RRC placement after completing the Program, while he, a Black inmate, was not placed. Petitioner requests that the Court order immediate release to home detention or immediate RRC placement.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). Since Michael is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). Administrative remedies available to inmates confined in BOP institutions, are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) requires that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If unsuccessful, he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located, and then to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15(a)-(b).

For the last two appeal levels, the Regional Director has 30 days to respond and General Counsel, 40 days. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.  See McIntosh v. Hickey*, 2010 WL 1959308, * 2 -3 (E.D. Ky., May 17, 2010).

Based on an evaluation, Petitioner will be granted 85 days on RRC placement.  Comp. pg. 3. An "attempt was made to the Regional Director [of the Bureau of Prisons] for a correct interpretation and the institutional implementation of the Program statement." Comp. pg. 5. It appears that the appeal process was not properly implemented. With a RRC placement time of 85 days he should be released on November 30, 2010.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result

of this statute and the new 12-month maximum placement, the BOP issued guidance directing that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh*, 2010 WL 1959308 at * 3.

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

> (1) the resources of the facility contemplated;
>  (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
>  (4) any statement by the court that imposed the sentence;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). These factors must be used in deciding whether to allow Petitioner the extended RRC placement. This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Petitioner for placement employing these criteria. That fact that Petitioner will be released for RRC placement means that the above criteria was used. The fact that the analysis may not have been explicit does not render Respondent in violation of the Second Chance Act. *See Keeper v. Lappen*, 2010 WL

3

1980202 * 5 (N.D. Ohio, May 18, 2010).

Petitioner alleged racial discrimination. However, there are no facts to support this allegation.

Petitioner may not have been similarly situated with the White inmate who obtained earlier placement. The § 3621 criteria evaluation for the White inmate may have resulted in a different result.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed. *See* 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:  *10/7/10*                                           */s/Dan Aaron Polster*
                                                            JUDGE DAN AARON POLSTER
                                                            UNITED STATES DISTRICT JUDGE